WOLFF & SAMSON PC
Catherine P. Wells
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
(973) 325-1500

BRYAN CAVE LLP
Jay P. Warren (pro hac vice)
1290 Avenue of the Americas
New York, New York
(212) 541-2000

CAHILL GORDON & REINDEL LLP
Thomas J. Kavaler (pro hac vice)
80 Pine Street
New York, New York 10005
(212) 701-3000

Attorneys for Defendant
WACHOVIA SECURITIES, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY S. SERIO, SUSAN SWING, GREGORY L. FERGUSON, PATRICIA S. OTTERSON, NORMAN ALLISON, PHILIP FIORE, MICHAEL WELZ, STEPHEN DESROCHERS, WARREN OLSON, GARY SCOTT, CLARK SMITH, JON WELIN, MARK BLACKWELL, DAVID NAPOLITANO and CHARLES ANDRIOLE,<br><br>Plaintiffs,<br><br>- against -<br><br>WACHOVIA SECURITIES, LLC,<br><br>Defendant. | Case No. 06-4681 (DMC) |

## DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Pursuant to this Court's Order of December 1, 2008, Defendant Wachovia Securities, LLC ("Wachovia") submits this supplemental brief in support of approval of the class settlement.

This memorandum addresses only those arguments raised by the three objectors to the settlement. For the rest of Wachovia's arguments as to why the settlement is fair, Wachovia directs the Court to the prior briefs submitted by it and Plaintiffs (Docs. 44, 45).

Of the 629 direct mail notices sent out by the Claims Administrator, only three (less than 0.5%) resulted in the filing of objections. The low percentage of objectors is evidence, in and of itself, that the settlement should be approved, because the class believes the settlement is fair. *See Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (concluding that 29 objections out of 281 class members is a response that "strongly favors settlement"); *In re Cendant Corp. Sec. Litig.*, 109 F.Supp.2d 235, 257 (D.N.J. 2000) (citation omitted), *aff'd by* 264 F.2d 201 (3d Cir. 2001) ("A small percentage of objectors may lead to the inference that the majority of the class 'silent[ly] consent[s]' to settlement"). *See also In re Pet Food Prod. Liab. Litig.*, No. 07-2867 (NLH), 2008 WL 4937632, *13 (D.N.J. Nov. 18, 2008) ("the wide distribution of notice and the small percentage of objections received ... weighs heavily in favor of settlement").

In addition, none of the objections has any merit, as explained below.

1.   The Court Appropriately Certified a No Opt-Out Class.

As an initial matter, all three objectors cite the fact that this was certified as a no opt-out class under Rule 23(b)(2) as a basis for their objections. Rule 23(b)(2) of the Federal Rules of Civil Procedure allows a court to certify a mandatory class, barring opt-outs, where the defendant has acted or refused to act in a way that is applicable to the class, making equitable and/or declaratory relief for the class as a whole appropriate. *See In re Am. Family Enters.*, 256 B.R. 377 (D.N.J. 2000) ("[W]here the requirements for certification of a class under Rules 23(b)(1)(B) or 23(b)(2) have been satisfied, there is no constitutional or other right to opt-out of the class").

Rule 23(b)(2) certification was and is proper here, because the basis for the suit is Wachovia's failure to return certain deferred compensation plan contributions – a practice applicable to all class members. For purposes of Rule 23(b)(2) certification, courts routinely characterize claims requesting the payment of monies unlawfully withheld as seeking injunctive, rather than monetary, relief – particularly in ERISA cases like the instant one. *See In re. Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 181, n. 69 (S.D.N.Y. 2006). In fact, numerous ERISA cases like this one have been certified under Rule 23(b)(2), without affording an opt-out right. *See, e.g., In re. Global Crossing Secs. and ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004); *In re. McKesson HBOC, Inc. ERISA Litig.*, 391 F.Supp.2d at 844, 847-48 (N.D. Cal. 2005); *Aguilar v. Melkonian Enters., Inc.*, No. 1:05-CV-00032 OWW LJO, 2007 WL 201180 (E.D. Cal. Jan. 24, 2007); *Amara v. Cigna Corp.*, 559 F.Supp.2d 192 (D. Conn. 2008); *Richards v. FleetBoston Fin. Corp.*, 235 F.R.D. 165 (D. Conn. 2006).

2.  <u>Objection of Russell Stabley</u>

Mr. Stabley's objection to the Class Action Settlement on the grounds that it is unfair for his circumstances because he was "separated from service" with Prudential Securities in 2003 is also without merit. Mr. Stabley contends that his MasterShare benefits should have vested at the time when his employment with Prudential ceased, and he became an employee of Wachovia pursuant to the consummation of the Joint Venture. Mr. Stabley asserts that he was "separated from service" with Prudential under other Prudential benefit plans, and consequently, was also "separated from service" under MasterShare.

This Court specifically rejected this argument in ruling on Plaintiffs' motion to file a Third Amended Complaint. In observing that the MasterShare plan was validly amended to replace references to Prudential with Wachovia Prudential Financial Advisors LLC ("WPFA"),

Judge Cavanaugh held that "plaintiffs' proposed amendment to add Count V, which seeks payment of plan benefits as a result of an 'actual termination' by Prudential, is futile because an actual termination by Prudential would not have caused Plaintiffs' shares to vest – only a termination without cause by WPFA or its affiliates would have caused the shares to vest." (Doc. No. 28 at 21 – 22). Thus, while Mr. Stabley objects to the settlement on the grounds that class members should receive a higher percentage of their forfeited contributions because they were separated from service at the time that they began working for Wachovia, this Court has already held that such a claim is futile. Accordingly, Mr. Stabley's objection should not disturb the settlement.

Additionally, Mr. Stabley objects that the settlement is unfair to him because he was "well above normal retirement age" at the time of his resignation. As defined by MasterShare, a person is not entitled to vesting of contributions through retirement if that person begins working for any other firm actively engaged in the financial services prior to the completion of a Restricted Period. (Waldrop Decl., Ex. B (Doc. 12-6) § 24). Mr. Stabley does not allege that he actually retired from the financial services industry after leaving Wachovia and, in fact, FINRA public records reveal that upon resigning from Wachovia, Mr. Stabley began working as a registered broker for Janney Montgomery Scott LLC, and he continues to be employed by that firm today. (Kaiser Declaration ¶ 2). Thus, Mr. Stabley is not entitled to vesting of MasterShare benefits, irrespective of his age at the time he left Wachovia.

    3.    <u>Objection of John J. Ryan</u>

Mr. Ryan objects on several grounds: (1) he allegedly did not receive notice of the settlement; (2) he is a defendant in an arbitration filed by Wachovia for collection on a promissory note, and he claims a right to have all disputes with Wachovia resolved in the same

arbitration proceeding; and (3) the settlement value is too low because he has valuable claims pending in arbitration.

First, Mr. Ryan's claim that he did not receive notice of the settlement is not sufficient to disturb the settlement. "Notice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *See In re Merrill Lynch TYCO Research Securs. Litig.*, 249 F.R.D. 124 (S.D.N.Y. 2008). Class counsel undoubtedly acted reasonably in implementing the notice regime, as detailed in the affidavit of the claims administrator (which is being filed with Plaintiffs' Motion for Final Approval of Proposed Settlement). Wachovia provided to the Claims Administrator the names and addresses of all individuals identified in Wachovia's records as Class Members. The Claims Administrator thereafter mailed the direct mail notices to each identified individual. Where notices were identified as undeliverable by the Postal Service, the Claims Administrator searched the United States Postal Service's National Change of Address database and re-sent notices for listed persons. The Claims Administrator used the best practicable notice, making Mr. Ryan's actual notice irrelevant. In any event, Mr. Ryan's name and current address of 16 Nassau Road, Great Neck, New York 11021, were included on the list used by the administrator (Kaiser Declaration ¶ 3).

Second, there is nothing improper about a class action settlement resolving other pending litigation or arbitrations. In fact, as part of their final judgments approving class settlement agreements, courts routinely issue orders barring class members from continuing to pursue other litigation or arbitrations that are released as part of the class settlement. *See, e.g., In re VMS Sec. Litig.*, 1994 WL 8237 (N.D. Ill. Jan. 8, 1994). To the extent that Mr. Ryan suggests that

Wachovia somehow waived its right to settle this class action by initiating an arbitration against Mr. Ryan, he cites no authority – and Wachovia is aware of none – that supports the proposition that a defendant in an arbitration has a right to have the arbitrator determine every possible dispute the defendant might have with the party initiating the arbitration. To the contrary, Mr. Ryan's counterclaim, is, at best, a permissive counterclaim, rather than a compulsory one. Wachovia's claim in the arbitration is that Ryan breached the terms of a promissory note. Ryan's counterclaims seek return of his contributions to the MasterShare Plan. The two claims do not arise out of the same transaction or occurrence, as is required for compulsory counterclaims. *See, e.g.,* Fed. R. Civ. P. 13(a)(1)(A).

Finally, the counterclaims Mr. Ryan seeks to preserve have no merit. His claims for conversion and violation of the New York Labor Law were expressly rejected by this Court in its August 27, 2007 Order. (Doc. 28 at 26-28, 31-32). Although the Named Plaintiffs here did not assert the other counterclaim raised by Mr. Ryan (violation of the covenant of good faith and fair dealing), the August 27 Order is also fatal to this claim. The Court held on August 27 that an express contract between Wachovia and the class members – the MasterShare Plan – governed the terms under which MasterShare contributions would be returned to participants. (Doc. 28 at 28). "A court cannot imply a covenant inconsistent with terms expressly set forth in the contract," as Mr. Ryan would have the arbitrators do. *See Hartford Fire Ins. v. Federated Dept. Stores*, 723 F.Supp. 976, 991 (S.D.N.Y.1989).

    4.    <u>Objection of Michael Dobbins</u>

Wachovia has been in contact with the attorney for Mr. Dobbins and believes that Mr. Dobbins intends to withdraw his objections, once the parties have finalized and executed a stipulation clarifying that Mr. Dobbins' pending arbitration claim is outside the scope of the

Release contained in the Class Action Settlement Agreement.   Wachovia expects that the stipulation will be executed prior to March 3, 2009.

Dated: February 24, 2009

                WOLFF & SAMSON PC

                By:      /s/ Catherine P. Wells
                          Catherine P. Wells, Esq.

*Attorneys for Defendant Wachovia Securities, LLC.*